**1376**

Costa N. COLYVAS, Plaintiff,

v.

**RED HAND COMPOSITIONS CO., Inc.,**
Defendant.

No. 68 Civ. 1448.

United States District Court,
S. D. New York.

Sept. 17, 1970.

Poles, Tublin, Patestides & Stratakis, New York City, for plaintiff; Melvin J. Tublin, Alvin L. Stern, New York City, Edward F. Gerace, Port Washington, N. Y., of counsel.

Kelley, Drye, Warren, Clark, Carr & Ellis, New York City, for defendant; Richard J. Concannon, New York City, of counsel.

## OPINION

COOPER, District Judge.

This is an action in contract (jurisdiction is founded upon diversity of citizenship) whereby plaintiff seeks an accounting of income and recovery of commissions for services he claims to have rendered in procuring contracts for defendant to furnish paint supplies and services to Olympic Maritime S.A. and certain other companies of Aristotle Onassis.

Defendant now moves first to amend its pleading to assert as an affirmative defense that plaintiff's alleged contract with defendant is unenforceable, and, second, for summary judgment in its favor dismissing the complaint herein because of its unenforceability pursuant to Rule 56, F.R.Civ.P.

Solely for purposes of its motion for summary judgment defendant assumes as correct plaintiff's allegations of the existence in 1963 of such a contract between them and, further, that certain business orders defendant obtained from Onassis' companies in 1966 was attributable to plaintiff's efforts. Specifically, defendant here contends that any such contract, valid though it may be on its face, is wholly unenforceable under the governing law of New York because plaintiff's admitted course of conduct during the course of his alleged performance of said contract was illegal. This contention and defendant's motion for summary judgment by reason thereof are based on plaintiff's testimony given at his oral examination on May 21, 1968.

Plaintiff, a former Onassis employee, testified at that deposition that his con-

tract called for him to "influence the people that I knew in the company * * * that Red Hand was a better paint to use." Tr. 18, 21.[1] On that same occasion plaintiff swore that he had an agreement with "my main contact," an Onassis employee, a Captain Paizis who was "head of the port captains department of Onassis companies in Monte Carlo" and "was the most important person in that company for obtaining the business." Tr. 22. This agreement bound plaintiff to split evenly with said Captain Paizis his five percent commission on any income defendant realized from its sales to Onassis companies. Tr. 24, 31. Although plaintiff there and then testified that he touted the superiority of Red Hand paints to other Onassis employees and urged Onassis ship captains to turn in their complaints regarding the paint then used, in the final analysis, as he himself at that time unambiguously deposed it was Paizis who "was actually preparing all this groundwork" for a change by Onassis to defendant's paints and services. Tr. 56, 65. Paizis eventually informed plaintiff in 1965 that Onassis had in fact changed to defendant's paint. Tr. 53.

Plaintiff's clear and unmistakable admission that he had an agreement with an employee (Paizis) of the Onassis companies, from which plaintiff claims he obtained business for defendant, to pay that employee to induce his employer to do business with defendant appears to us to fall squarely within McConnell v. Commonwealth Pictures Corp., 7 N.Y.2d 465, 199 N.Y.S.2d 483, 166 N.E.2d 494 (1960) holding that such an agreement of commercial bribery renders plaintiff's claimed contract with defendant unenforceable.

Plaintiff seeks to distinguish McConnell on the basis that the New York Court of Appeals stated that "not every minor wrongdoing will insulate the other party from liability for work done or goods furnished." However, the wrongdoing by commercial bribery here admitted is the same order of corruption asserted in McConnell. Compare Waldron v. British Petroleum Co., 231 F. Supp. 72 (S.D.N.Y.1964).

Plaintiff seeks to avoid the impact of McConnell by pointing to the majority's language:

There must at least be a direct connection between the illegal transaction and the obligation sued upon. Connection is a matter of degree.

As we see it, plaintiff's testimony describing the key role Paizis was to play in securing the change to defendant's paints supplies the requisite connection.

We find unpersuasive plaintiff's argument relying upon Intercontinental Hotels Corp. v. Golden, 15 N.Y.2d 9, 254 N.Y.S.2d 527, 203 N.E.2d 210 (1964) that McConnell should not apply to deny plaintiff the aid of the courts because of a bribery committed outside of the United States. In Intercontinental Hotels not only was the gambling debt legally incurred in Puerto Rico, but the New York Court of Appeals held that such authorized gambling was not considered immoral and, thus, enforcement of the obligation would not be repugnant to public policy. We do not believe that the same could be said of the commercial bribery practiced here.

Finally, we find no genuine issue as to any material fact remaining in the case.

Contrary to plaintiff's contentions regarding areas in which he believes defendant must still offer proof, it is evident from a reading of his deposition that plaintiff has admitted Onassis employed Paizis and that his arrangement with Paizis made in 1963 was in the course of that employment. Further, it is apparent that plaintiff's arrangement with Paizis was secret and that Paizis' employer Onassis was not informed of it. Thus, in referring to his dealings

---

1. "Tr." followed by a number refers to pages of the transcript of plaintiff's deposition of May 21, 1968 annexed to defendant's Notice of Motion and attached as exhibit A to Affidavit of Richard J. Concannon, Esq., verified May 20, 1970.

with Paizis plaintiff testified at his examination of May 21:

> At the time I wasn't very happy in using his name. He was an employee of that company.
>
> \*   \*   \*   \*   \*   \*
>
> And if anything of this would leak out, it would not be very nice for this person mentioning the five percent. Tr. 23.

Plaintiff raises no genuine issue in this regard. See Rule 56(e), F.R.Civ.P.

A reading from start to finish of plaintiff's deposition (May 21, 1968) spells out an unequivocal confession by him of his consummated plan to resort to commercial bribery as a way certain to produce the business results he sought to achieve. This so tainted the entire endeavor as to render hollow assertions of good behavior in other and secondary respects.

Accordingly, for the reasons set forth above defendant's motions to amend its pleadings to assert the affirmative defense mentioned above and for summary judgment thereon dismissing plaintiff's complaint pursuant to Rule 56, F.R.Civ. P. are granted.

This shall be considered an order; settlement thereof is unnecessary.